Froessel, J. (dissenting).
I dissent. The jurisdiction of the Surrogate’s Court is purely statutory (Matter of Runk, 200 N. Y. 447, 456). Section 47 of the Surrogate’s Court Act provides, so far as here relevant: “ For the purpose of conferring jurisdiction upon a surrogate’s court, a debt owing to a decedent by a resident of the state * * * is regarded as personal property situated within the county where the debtor * * * resides; and a debt owing to him by a domestic corporation * * * is regarded as personal property situated within the county where the principal office of the corporation is situated.” (Emphasis supplied.) Assuming the obligation of the insurance company to defend and contingently indemnify is a debt owing to decedent, it is not owing “ by a resident of the state ” nor “ by a domestic corporation”. The (American) Lumbermen’s Mutual Casualty Company of Illinois is concededly a foreign corporation, with its principal place of business in Illinois. In a kindred situation Surrogate Foley held that a foreign corporation, though authorized to do business in this State, cannot be deemed a resident under section 47 of the Surrogate’s Court Act, and that a claim against such foreign corporation ‘ ‘ furnishes no basis for the exercise of jurisdiction.” (Matter of Cooper, 32 Misc 2d 117.) Nor is the insurance policy an instrument for the payment of money only, as defined in section 47 of the Surrogate’s Court Act. The courts have no right to decree jurisdiction where it has not been granted by the Legislature.
Accordingly, I would reverse and dismiss the petition for ancillary administration.
Chief Judge Desmond and Judges Dye, Fuld, Bubke and Fosteb concur with Judge Van Voobhis; Judge Fbobssel dissents in an opinion.
Order affirmed.